UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BEAU LEDOUX,** | * | **CIVIL ACTION** |
|     **PETITIONER** | * | |
| | * | **NO. 22-cv-4341** |
| **VERSUS** | * | |
| | * | **SECTION "G" (1)** |
| **TIM HOOPER, WARDEN,** | * | |
|     **RESPONDENT** | * | |

**RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF**

OVERVIEW

Beau LeDoux is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He is serving a life without parole sentence as a result of his convictions for, among other things, aggravated kidnapping (La. R.S. 14:44). Ledoux has petitioned this Court for a writ of habeas corpus, contending that his incarceration is in violation of his rights under the United States Constitution.

Ledoux's petition is untimely. For that reason, the Court should dismiss the petition with prejudice and otherwise deny relief.

## **TABLE OF CONTENTS**

OVERVIEW..................................................................................................................1

PRELIMINARY MATTERS.......................................................................................3

TIMELINESS..............................................................................................................8

    1.    Review of the applicable legal framework..................................................8

    2.    The period of limitations has expired..........................................................9

           A.    The petition was filed November 16, 2021......................................9

           B.    The one-year period of limitations commenced to run on August 18, 2016..................................................................................9

           C.    The period of limitations expired on August 18, 2017....................9

           D.    No exception to the period of limitations applies..........................10

                i.    The petitioner has not demonstrated that equitable tolling applies........................................................10

                ii.    The petitioner is not actually innocent..............................10

RESERVATION OF RIGHTS...................................................................................11

CONCLUSION AND PRAYER................................................................................11

CERTIFICATE OF SERVICE..................................................................................12

## PRELIMINARY MATTERS

1. **Custody.**

The respondent does not dispute that the petitioner is in custody.

2. **The state court record.**

The respondent has filed, along with this Response, the complete state court record which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

3. **The facts of the case.**

The details of the petitioner's offense are not pertinent.

4. **The petitioner's claims.**

The petitioner raises six claims, as follows:

1. Petitioner Was Denied His Right To Suppress His Inculpatory Statements.

2. Petitioner's Rights Were Violated When Court Denied The Motion For New Trial.

3. Petitioner's Constitutional Rights Were Violated When He Received Ineffective Assistance Of Counsel In Violation Of The 6th Amendment To The United States Constitution.

4. Confession Obtained Through Fear, Threats And Promises Which Violated The 5th And 14th Amendments To The United States Constitution Due Process Clause.

   Confession Was Involuntary, Given Only Through Fear From Threats Made By St. Tammany Parish Detectives, Along With The Premises That Rebutted Those Threats.

5. Bias And Prejudice Juror Was Allowed To Cast Vote, And Hindered A Fair And Constitutional Verdict From Jury, Violating 5th And 14th Amendments.

   Petitioner's Right To Challenge His Conviction And Sentence Were Violated When Petitioner Does Not Have His Complete Record.

6. Petitioner's 14th Amendment Due Process Right To Stand Trial While Legally Incompetent Was Violated.

Rec. Doc. 1-1, pp. 1-2.

5.     **Proceedings in the state courts (timeline).**

A.     **Proceedings leading to conviction and sentence.**

The petitioner was indicted, tried, found guilty by a jury, then sentenced to serve life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. See SCR, Vol. 1, pp. 31-32 (grand jury indictment); SCR, Vol. 1, pp. 10-24 (minute entries from trial); SCR, Vols. 1-2, pp. 194-471 (trial transcript); SCR, Vol. 1, pp. 29-30 (minute entries from sentencing); SCR, Vol. 2, pp. 472-481 (sentencing transcript).

B.     **Direct review proceedings.**

The Louisiana First Circuit Court of Appeal affirmed the conviction and sentence, and the Louisiana Supreme Court denied writs:

| | | |
|---|---|---|
| April 24, 2015. | The Louisiana First Circuit Court of Appeal affirms petitioner's convictions and sentences. *State v .Ledoux*, 14-1365 (La. App. 1 Cir. 4/24/15), 2015 WL 1915274. | SCR, Vol. 4, Tab 1. |
| May 14, 2015 | The First Circuit Court of Appeal denies petitioner's timely-filed application for rehearing. | SCR, Vol. 3, Tab 1; SCR, Vol. 4, Tab 2. |
| June 8, 2015* | The petitioner timely seeks supervisory review from the Louisiana Supreme Court. | SCR, Vol. 4, Tab 3. |
| May 20, 2016 | The Louisiana Supreme Court denies writs. *State v. Ledoux*, 15-1115 (La. 5/20/16), 191 So.3d 1064. | SCR, Vol. 4, Tab 4. |

The petitioner did not seek review of that decision from the Louisiana Supreme Court or from the United States Supreme Court.

---

\* The thirtieth day following May 8, 2015, was June 7, 2015. However, June 7 was a Sunday, so the application filed Monday, June 8, 2015, was filed timely.

### C. Collateral review proceedings.

The petitioner sought production of records without filing an application for post-conviction relief. He later sought records in connection with an application for post-conviction relief. The state courts provided the requested records and denied post-conviction relief.

*i.*

The petitioner sought production of documents as follows:

| | | |
|---|---|---|
| August 2016 | The petitioner submits an undated "Motion for Production of Documents" which is stamped as filed August 9, 2016, and denied August 25, 2015. | SCR, Vol. 5, Tab 1. |
| September 2017 | The petitioner submits another undated "Motion for Production of Documents" which is stamped as filed September 13, 2016. It is not ruled upon. | SCR, Vol. 5, Tab 2. |
| Early 2018 | The petitioner submits an undated application for supervisory review to the First Circuit Court of Appeal, complaining that his motions for production of documents are "being referred to someone else, or ignored by the District Judge." | SCR, Vol. 6. |
| May 29, 2018 | The Louisiana First Circuit Court of Appeal denies relief, explaining that "a writ application arising in a criminal proceeding is not the proper procedural vehicle to establish a right to records under the Public Records Law...." *State v. Ledoux*, 18-0497 (La. App. 1 Cir. 5/29/18), 2018 WL 2458877. | SCR, Vol. 6. |

*ii.*

The petitioner then applied for post-conviction relief:

| | | |
|---|---|---|
| April 8, 2018[1] | The petitioner submits an undated application for post-conviction relief, which is stamped as filed April 9, 2018. | SCR, Vol. 5, Tab 3. |
| April 19, 2018 | The state district court orders the district attorney to answer the application for post-conviction relief. | SCR, Vol. 5, Tab 4. |
| May 7, 2018 | The district attorney files an "initial" response, suggesting to the court that it should order the production of certain records and provide the petitioner with an opportunity to file an amended application for post-conviction relief. | SCR, Vol. 5, Tab 5. |
| May 7, 2018 | The district court orders the clerk's office to provide the petitioner with a copy of the transcript of the trial proceedings and directs that he supplement his post-conviction relief application at a later date. | SCR, Vol. 5, Tab 6. |
| May 11, 2019 | The petitioner files a "supplemental memorandum" in support of post-conviction relief. | SCR, Vol. 5, Tab 7. |
| April 1, 2019 | The district court orders the district attorney to answer the supplemental application for post-conviction relief. | SCR, Vol. 5, Tab 8. |
| June 7, 2019 | The district attorney answers the petitioner's supplemental application. | SCR, Vol. 5, Tab 9. |
| July 9, 2020 | The district court denies relief. | SCR, Vol. 5, Tab 10. |
| July 27, 2020 | The petitioner applies to the First Circuit Court of Appeal for review of the denial of his application for post-conviction relief. | SCR, Vol. 7, Tab 1. |

---

[1] Although the application is undated, the petitioner asserts in his habeas petition that it was filed on April 8, 2018. Rec. Doc. 1-1, pg. 4.

| | | |
|---|---|---|
| October 12, 2020 | The First Circuit Court of Appeal denies relief "on the showing made" for failure to include necessary attachments. *State v. Ledoux*, 20-0688 (La. App. 1 Cir. 10/12/20), 2020 WL 6018970. | SCR, Vol. 7, Tab 1. |
| Dec. 11, 2020 | The petitioner applies to the First Circuit Court of Appeal for review of the denial of his application for post-conviction relief. | SCR, Vol. 7, Tab 2. |
| March 2, 2021 | The First Circuit Court of Appeal denies relief. *State v. Ledoux*, 20-0688 (La. App. 1 Cir. 10/12/20), 2021 WL 798529. | SCR, Vol. 7, Tab 2. |
| March 31, 2021 | The petitioner timely seeks further review from the Louisiana Supreme Court. | SCR, Vol. 8. |
| Sept. 27, 2021 | The Louisiana Supreme Court denies writs. *State v. Ledoux*, 21-0514 (La. 9/27/21324 So.3d 80. | SCR, Vol. 8. |

## TIMELINESS

The respondent respectfully submits that Ledoux's habeas corpus petition is time-barred.

**1. Review of the applicable legal framework.**

Generally, a petitioner must file a habeas corpus petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The petitioner does not allege that any exception to this general rule applies.

***Statutory tolling.*** "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Although the word "tolling" is not contained within the language of the statute, that is the term used to describe the act of "not . . . count[ing]" discrete intervals of time against the "period of limitation under this subsection."

For tolling to occur, three requirements must be met. There must be (1) an "application for State post-conviction or other collateral review" (2) "with respect to the pertinent judgment or claim" (3) which has been "properly filed."

Pertinent here, a request for production of documents does not result in statutory tolling.[2]

---

2  *E.g., Jackson v. Wilkinson*, 10-cv-0064 (E.D. La. 3/18/11), 2011 WL 1654246, at *4 (collecting cases).

**2. The period of limitations has expired.**

**A. The petition was filed November 16, 2021.**

Rec. Doc. 1, pg. 5.

**B. The one-year period of limitations commenced to run on August 18, 2016.**

Ledoux's conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeal, and the Louisiana Supreme Court denied writs on May 20, 2016. *State v. Ledoux*, 14-1365 (La. App. 1 Cir. 4/24/15), 2015 WL 1915274, *writ denied*, 15-1115 (La. 5/20/16), 191 So.3d 1064 (SCR, Vol. 4). Ledoux thereafter had ninety days to seek further review from the United States Supreme Court. He did not do so. Ledoux's sentence became "final" upon the expiration of the time for seeking direct review, that is, on August 18, 2016—ninety days after the Louisiana Supreme Court's May 20, 2016 ruling.

**C. The period of limitations expired on August 18, 2017.**

As noted above, the conviction and sentence became final on August 18, 2016. The period of limitations expired 365 days later, on August 18, 2017, unless extended through tolling.

A review of the record shows that Ledoux did not file any pleading which would qualify as an "application for state or other collateral review" after August 18, 2016 and before August 18, 2017 (SCR, Vol. 5).[3] He did file an application for post-conviction relief, but did not do so until April 8, 2018 (above, pg. 6 & n. 1)— and by that time, AEDPA's period of limitations had expired.

---

3   Ledoux did file several motions for production of documents—SCR, Vol. 5, Tabs 1-2 & SCR, Vol. 6 —but those do not serve to toll the period of limitations (see above, pg. 8 & n. 2).

### D. No exception to the period of limitations applies.

#### i. The petitioner has not demonstrated that equitable tolling applies.

AEDPA's period of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). To be entitled so such tolling, must must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649.

Ledoux has made no specific argument in favor of equitable tolling. He therefore fails to show that equitable tolling is warranted.

#### ii. The petitioner is not actually innocent.

"Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the period of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This exception allows a petitioner to bring claims that are otherwise time-barred if and only "he persuades the district court that, in light of the *new* evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 569 U.S. at 386 (emphasis supplied).

Ledoux has presented no new evidence. He necessarily fails to show the applicability of the *McQuiggin* exception.

RESERVATION OF RIGHTS

The respondent, Tim Hooper, asserts that the petition of Beau LeDoux should be dismissed because his petition is untimely. Accordingly, the respondent does not address the issues of exhaustion, or procedural default, or the merits of the petitioner's claims. However, the respondent does not expressly waive any procedural objections or defenses and would respectfully reserve the right to submit additional documentation, procedural objections, defenses, and/or argument on the merits should this Court order additional briefing.

CONCLUSION AND PRAYER

Ledoux's habeas corpus petition is dated November 16, 2021 (Doc. 1, pg. 5). The period of limitations, however, expired on August 18, 2017 (page 9, above), and no exception to the period of limitations applies (page 10, above). It is therefore time-barred. Respondent respectfully requests that this Court dismiss the instant petition with prejudice and otherwise deny relief.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the foregoing pleading by sending it via USPS first-class mail, addressed as follows:

>Beau LeDoux, DOC # 601377
>Louisiana State Penitentiary
>15744 Tunica Trace
>Angola, LA 70712
>*Petitioner, pro se*

This the <u>6th</u> day of <u>January</u>, 20<u>23</u>, at Covington, Louisiana.

<u>/s/ Matthew Caplan</u><br>Matthew Caplan, #31650<br>Assistant District Attorney