

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   Feb 16 2023

CAROL L. MICHEL
CLERK
AJ                                                      E-Mail

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BEAU LEDOUX** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO.: 22-cv-4341** |
| **TIM HOOPER, Warden**<br>**Louisiana State Penitentiary** | * | **SECTION "G" (1)** |

## TRAVERSE TO THE STATE'S RESPONSE TO PETITION FOR *HABEAS CORPUS RELIEF*

**MAY IT PLEASE THE COURT:**

NOW INTO COURT comes Beau Ledoux, *Pro-Se* Petitioner, who respectfully presents his "*Traverse to the State's Response to Petition for Habeas Corpus Relief*" and who respectfully prays this Honorable Court will accept and consider same in connection with his Petition and Memorandum In Support for Federal Habeas Corpus pursuant to *28 U.S.C.A. § 2254.*

### REASONS FOR GRANTING

Petitioner, Beau Matthew Ledoux, was charged by the State with five counts of violating R.S. 14:44, Aggravated Kidnapping; five counts of violating R.S. 14:64, Armed Robbery with a Firearm; and one count of violating R.S. 14:43.1, Sexual Battery. The trial court heard Petitioner's motions for discovery, to suppress evidence, and to suppress inculpatory statements on March 6, 2014. At that time, Appellant's discovery motion was satisfied, while his motion to suppress inculpatory statements was denied by the trial court.

The State severed the sexual battery charge prior to the commencement of trial on May 12, 2014. Appellant was tried on the remaining counts and convicted on five counts of violating R.S. 14:44, Aggravated Kidnapping; four counts of violating 14:64, Armed Robbery with a Firearm; and one count of attempting to violate 14:64, Armed Robbery with a Firearm. Appellant's motion for new trial on grounds that his inculpatory statements were admitted in error was denied by the trial court on June 19, 2014. Appellant was sentenced on June 19, 2014 to five terms of life imprisonment as to his convictions for violating R.S. 14:44, Aggravated Kidnapping. Appellant was sentenced on July 17, 2014, following the filing of a multiple offender bill and adjudication, to sixty-years of imprisonment as to each of his convictions of violating R.S. 14:64, Armed Robbery with a Firearm; and to thirty-five years of imprisonment as to his conviction of attempting to violate R.S. 14:64, Attempted Armed Robbery with a Firearm.

On April 24, 2015, the Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence on direct appeal. *State v. Ledoux*, No. 2014 KA 1365 (unpublished decision). The Louisiana Supreme Court denied relief on May 20, 2016. *State v. Ledoux*, 191 So.3d 1064.

Petitioner timely filed his *Application for Post Conviction Relief* into the trial court on April 8, 2018, within one year of the affirmation of his conviction and sentence, preserving both his state post-conviction rights and the federal habeas deadlines established by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244. The trial court denied relief on July 9, 2020. Petitioner filed a notice of intent on July 20, 2020.

Petitioner timely sought writs in the Louisiana First Circuit Court of Appeal on August 3, 2020. The Louisiana First Circuit Court of Appeal denied Petitioner relief on March 2, 2021.

Petitioner timely sought writs in the Louisiana Supreme Court. The Louisiana Supreme Court denied Petitioner relief on September 27, 2021. Petitioner received the ruling of the Louisiana Supreme Court on or about September 29, 2021, through the Louisiana State Penitentiary legal mail delivery system, signing for same in accordance with penitentiary rules and procedure.

*Application of Equitable Tolling*

The U.S. Supreme Court has indicated that equitable tolling may be applied where a court has led a particular petitioner to believe that he or she has done all that is required under the circumstances. *Baldwin County v. Brown*, 466 U.S. 147, 104 S.Ct. 1723.

In Petitioner's case, the Louisiana Supreme Court accepted Petitioner's writ of certiorari; filed it; and ruled it. The ruling on the case was not made known the the Petitioner for several months. This is a direct showing of a State-created impediment.

The Petitioner lacks sufficient education and any legal knowledge in order to assist himself with his own case. The filing of the Application for Post Conviction Relief was late because Petitioner did not understand his ability to challenge his conviction and sentence on collateral attack.

Once this knowledge was made known to him, Petitioner filed his application for post conviction relief, and both his supervisory writs timely. This shows his specific intent to file with the Court. Had the Petitioner had legal knowledge, he would have timely filed with the district court. As it stands, the Petitioner had to request for the assistance of Offender Counsel

Substitute. This was absolutely necessary to assist Petitioner in the filing of his all his legal litigation. Defendant, fighting on unfamiliar terrain, is forced to rely completely on the expertise of Offender Counsel Substitute who is familiar with obscure rules, arcane language, and cryptic doctrine.[1] As the Court is aware, we ultimately base legal research on facts, because facts determine what legal questions one must research. To do meaningful legal research, you must have a clear understanding of the facts to which judges will apply the law.

In sum, not one of the State Court's indicated any of Petitioner's filings were untimely by any rule of court or otherwise. Pro-se Petitioner's are to be afforded the benefit of any doubt. *Brown v. Roe*, 279 F.3d 724 (2002).

Where a party makes specific written objection, the District Court must undertake a *de novo* review of those portions of the report which objections were made. 28 U.S.C. 636 (b)(1)(c). See also F.R.Civ.P. 72 b.

This Court has a duty to ensure that pro-se litigants do not lose the right to a ruling on the merits of their claims due to ignorance of technical procedural requirements. *Haines v. Kerner*, 404 U.S. 519. Also, if neither the State Legislature nor the State Courts indicate a need to hear a federal constitutional claim, a federal court implies no disrespect for the State by entertaining the claim. *County Court of Ulster v. Allen*, 442 U.S. U.S. 140, 99 S.Ct. 2213. Further, the U.S. Supreme Court has noted that "dismissal of a first federal habeas petition is a

---

1  In comparing *Powell v. Alabama*, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 LEd. 158 (1932), without the "guiding hand" of inmate counsel substitute, Joseph will be unable to avoid the pitfalls of the legal system. "Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether that indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge and convicted upon incompetent evidence or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one." By the greater force of reason such logic applies to trials, appeals and further proceedings to correct error.

serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking important interests in human liberty." *Lonchar v. Thomas*, 517 U.S. 314, 116 S. Ct. 1293.

Therefore, in the interest of justice and fairness, Petitioner should receive the benefit of equitable tolling as he is uneducated and unskilled in law.

## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES OF PETITIONER CONSIDERED:**

Petitioner, Beau Ledoux #601377, respectfully prays that this Honorable Court will accept his Application for Federal Habeas Corpus pursuant to *28 U.S.C.A. § 2254*, as timely filed under the equitable tolling.

Mr. Ledoux, further prays that this Honorable Court, after due consideration of the law and the facts presented in these proceedings, that Petitioner is granted federal habeas corpus and that his underlying State conviction and sentence is vacated, and set aside.

Respectfully submitted,

Beau Ledoux #601377
Camp C Bear 4
Louisiana State Prison
Angola, Louisiana 70712

Prepared By:

| CAMP C – LITIGATION TEAM |
|---|
| DR. ERIC M. DENET, PH.D., TH.D., DIV.D., C.ED.D. [2] |
| #380958 CAMP C WOLF-4 |
| CERTIFIED PARALEGAL / OFFENDER COUNSEL III |

---

[2] Identified only as required by La. Dist. Ct. R. 60.5. Not admitted to practice.

## AFFIDAVIT / CERTIFICATE OF SERVICE

I do hereby swear and affirm that the foregoing is true and correct to the best of my knowledge and belief.

I do hereby certify that the foregoing has been served upon:

Opposing Counsel

    Warren Montgomery, District Attorney
    701 N. Columbia Street
    Covington, Louisiana 70433

by placing a copy of same in a properly addressed envelope into the hands of the Classification Officer assigned to my unit along with a Drawslip made out to the General Fund, LSP, Angola, Louisiana 70712 for the cost of postage and a properly filled out Inmate's Request for Indigent/ Legal Mail form, receiving receipt for same in accordance with the institution's rules and procedures for legal mail.

Done this 15th day of February, 2023.

                                                        /s/ Beau Ledoux
                                                        Beau Ledoux #601377

# eFile-ProSe

| | |
|---|---|
| **From:** | Angola E-Filing <EML-FED-ANG-Printers@LA.GOV> |
| **Sent:** | Thursday, February 16, 2023 4:37 PM |
| **To:** | eFile-ProSe |
| **Subject:** | Angola E-Filing |
| **Attachments:** | DOC #601377163653.pdf |

CAUTION - EXTERNAL:

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.